IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2003

## DWAN L. CRISP v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 2-224      William B. Acree, Jr., Judge**

---

**No. W2002-01661-CCA-R3-PC  - Filed December 9, 2003**

---

The petitioner, Dwan L. Crisp, pled guilty in the Obion County Circuit Court to one count of rape and was sentenced to eight years incarceration in the Tennessee Department of Correction. Subsequently, the petitioner filed for testing of human biological evidence under the Post-Conviction DNA Analysis Act of 2001. The post-conviction court denied the petition and the petitioner timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Dwan L. Crisp, Henning, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On April 10, 2001, the petitioner entered a best interest guilty plea to a charge of rape and received an eight-year sentence. After the conviction, the petitioner filed for post-conviction relief, which petition was dismissed because it had been filed outside the statute of limitations. On August 16, 2000, this court affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals the post-conviction court's denial of post-conviction relief.

Subsequently, the petitioner filed under the Post-Conviction DNA Analysis Act of 2001 to compel the testing of human biological evidence which had been collected by the State prior to trial.[1] The District Attorney General responded to the petition, stating that "[a] rape kit and blood and saliva specimens from the Petitioner and his co-defendant were sent to the TBI Lab for examination. No DNA analys[es] were performed [on] any of these specimens, and they were destroyed in the ordinary course of business." Thereafter, the post-conviction court dismissed the petition, noting that "[u]nder these circumstances, it is impossible for a DNA analysis to be conducted." The petitioner timely appealed this ruling.

## II.  Analysis

The Post-Conviction DNA Analysis Act of 2001 provides that

> a person convicted of and sentenced for the commission of . . . rape . . . may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-403 (Supp. 2001). Prior to ordering DNA analysis of biological evidence, the post-conviction court must find the presence of all of the following criteria:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

---

[1] See Tenn. Code Ann. § 40-30-401 *et seq.* (Supp. 2001). The Post-Conviction DNA Analysis Act of 2001 has recently been recodified at Tennessee Code Annotated sections 40-30-301 *et seq.* (2003).

Tenn. Code Ann. § 40-30-404 (Supp. 2001).

This court has recently noted, "If the state contests the presence of any qualifying criteria and it is apparent that each prerequisite cannot be established, the [post-conviction] court has the authority to dismiss the petition." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App. at Nashville, Apr. 24, 2003), perm. to appeal denied, (Tenn. 2003). In sum, "[t]he failure to meet any of the qualifying criteria is, of course, fatal to the action." Id.

In the instant case, the post-conviction court determined that the evidence the petitioner sought to have tested had been destroyed in the normal course of business prior to the filing of the petition requesting testing. Thus, the petitioner failed to satisfy one of the necessary prerequisites. Moreover, we note that the petitioner's conviction occurred prior to the August 1, 2001, inception of the Post-Conviction DNA Analysis Act of 2001. Accordingly, we conclude that the post-conviction court did not err in denying the petitioner's request for testing under the Post-Conviction DNA Analysis Act of 2001. See Clinton Wayne Lynch v. State, No. M2002-02801-CCA-R3-PC, 2003 WL 21349919, at *1 (Tenn. Crim. App. at Nashville, June 10, 2003).

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE